IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**WILLIE WILLIAMS,**

    Petitioner,

vs.                                  Case No. 4:11cv592-SPM/WCS

**DEPARTMENT OF CORRECTIONS,**

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and motion to proceed in forma pauperis.  Docs. 1 and 2.  He challenges his April 1, 2005 sentence of 13 months imposed upon violation of probation.  Doc. 1, p. 1.  He entered a guilty plea and did not appeal.  *Id.*, pp. 1-2.  He indicates that he filed a motion for postconviction relief, a motion to correct illegal sentence, and a petition for writ of habeas corpus in the state courts in 2011.  *Id.*, pp. 2-4 in ECF (Electronic Case Filing).[1]

---

[1] Page 4 in ECF is the fourth page of the document, but was an inserted (extra) page to the form petition and not assigned a page number by Petitioner.

According to the website maintained by the Florida Department of Corrections (DOC), Petitioner was taken into custody on April 20, 2005, and released on November 3, 2005. He is currently in DOC custody for a 2007 sentence of 30 years imposed by the Circuit Court in Hillsborough County.

Aside from any timeliness issues[2], it does not appear that Petitioner is "in custody" of the 13 month sentence imposed in 2005 upon violation of probation (imposed for a 1997 offense). That sentence presumably expired before the 30 year sentence was imposed. See Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (the mere possibility that a fully served sentence might be used to enhance a new sentence did not render petitioner "in custody" for habeas purposes, but he was "in custody" under the a later sentence enhanced by the expired judgment). *See also*, Lackawanna County Dist. Attorney v. Coss,  532 U.S. 394, 402, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001) (discussing Maleng).

Construing the petition as an attack on the current sentence, it should be transferred. Petitioner is incarcerated at Wakulla Correctional Institution, and challenges a judgment out of Hillsborough County, Florida. Jurisdiction is appropriate

---

[2] There is a one year limitations period for filing a § 2254 petition which generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," unless a later date applies. § 2244(d)(1)(A)-(D). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the running of the one year period. Petitioner indicates he filed documents in the state courts in 2011, but they could not toll the time if it had already expired. This was more than one year after the judgment became final, and could not toll the limitations period which had already expired. *See, e.g.,* Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

Case No. 4:11cv592-SPM/WCS

here or in the Middle District, as the districts of confinement and conviction, respectively.  28 U.S.C. § 2241(d).  Transfer to the district of conviction is appropriate. § 2241(d); see also, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer to district of conviction "in furtherance of justice" under § 2241(d)) (citations omitted) and Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting practice, in district courts in Georgia, to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on September February 3, 2012.


   s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**